Filed 6/2/22  In re Angelina F. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re ANGELINA F., a Person Coming Under the Juvenile Court Law. | |
| SONOMA COUNTY HUMAN SERVICES DEPARTMENT,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>C.F.,<br><br>        Defendant and Appellant. | A163598<br><br>(Sonoma County<br>Super. Ct. No. DEP-5463-02) |

C.F. (mother) appeals from a juvenile court dispositional order denying her visitation with her daughter, Angelina, after Angelina's removal from the care of a legal guardian.  We conclude that the court did not err by finding that visitation with mother would be detrimental and therefore affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

Angelina was originally removed from mother's care in March 2018, shortly before turning 10 years old.  Mother "struggled with homelessness, substance abuse, and mental health challenges," and exposed Angelina and

1

her siblings to domestic violence. In February 2020, mother's reunification services were terminated, and Angelina's foster mother became the legal guardian of Angelina and her younger sister.[1]

In August 2021, the Sonoma County Human Services Department (Department) filed a petition alleging that the juvenile court had jurisdiction over then 13-year-old Angelina under Welfare and Institutions Code[2] section 300, subdivision (c), based on the allegation that she was depressed and suicidal and "require[d] a higher level of care and supervision" than her guardian could provide. The detention report noted that "[i]n addition to struggling with social isolation and the pandemic, Angelina ha[d] also been disappointed and upset by . . . mother becoming pregnant and losing custody of . . . two older siblings in April of 2021." Angelina had "exhibit[ed] an escalating pattern of self-harm behaviors . . . including cutting, attempting to overdose on pills, and alcohol use," and she had been hospitalized twice for suicide attempts in the previous month. Her guardian was concerned that Angelina might "fatally harm herself without constant supervision" but hoped "to work with the Department to ensure that Angelina receives the specialized care she needs to stabilize so she can return to the home." The juvenile court ordered Angelina detained, and she was placed in a group home.

In September 2021, the Department filed a jurisdiction/disposition report recommending that Angelina not be placed with mother, that mother not receive reunification services, and that the two not have any contact. Since being detained, Angelina had attempted to run away from the group

---

[1] Angelina's father "did not participate in services during the prior dependency case," and his whereabouts are unknown.

[2] All further statutory references are to the Welfare and Institutions Code.

2

home and was placed on an involuntary psychiatric hold, leading to another hospitalization. She "ha[d] grown increasingly upset about her placement and her inability to freely call [mother]," with whom she had kept "in constant contact" while in her guardian's home through use of a "second secret cell phone." Angelina said mother understood her, and she reported that when she "feels anxious, she wants to speak with . . . mother, by any means necessary." Angelina "believe[d] she can 'fix' . . . mother and said, 'If I could only talk to her on the phone, I'd be able to say everything [she] needs to hear to make her feel bad enough to change herself so that she can be safe to have me now.' " On the other hand, Angelina also said that speaking to mother often "ma[de] her feel worse than before," and she "worrie[d] all of the time about . . . mother" given mother's serious mental-health and substance-abuse issues.

Mother, who was due to give birth the following month, had recently tested positive for methamphetamine, and she did not seek to have Angelina placed with her. Mother did, however, wish to have supervised visitation, and she complained that Angelina's guardian had cut off contact between them. According to Angelina's guardian, the previous year mother had greatly upset Angelina by taking her and her sister to see their father in jail without notice, after which the juvenile court ordered that visitation would be at the guardian's discretion. Mother's contact with Angelina and her sister became increasingly erratic until Angelina no longer appeared interested in talking to mother. Meanwhile, mother accused the guardian of "brainwashing" her children, a claim mother also repeated to Angelina.

Under these circumstances, the Department judged visitation with mother to be inappropriate, explaining, "Of primary concern is that . . . mother engaged in unhealthy, toxic communication with the child in a

3

secretive manner, which directly led to Angelina self-harming, attempting to kill herself, and hav[ing] many negative psychological symptoms." Mother also had a "co-dependent relationship to her children, even text messaging Angelina that [she] cannot live without the child," and "ha[d] not shown any capacity to maintain safe communication [or] boundaries . . . or follow simple rules when speaking with her children."

At the jurisdiction/disposition hearing later in September 2021, mother submitted on the issue of not receiving reunification services but asked for visitation with Angelina. Angelina's guardian and Angelina's attorney both opposed the request, agreeing with the Department that visitation with mother would be detrimental. The juvenile court found "current detriment [with respect] to visitation with [mother]," noting that the finding was "on a temporary basis" and could be revisited after Angelina and mother both received mental health treatment. The court then found the petition's allegations true, ordered reunification services for Angelina's guardian, and ordered that mother not receive services.

II.
DISCUSSION

Mother contends that the juvenile court erred by denying her visitation. We are not persuaded.

Initially, the parties disagree about which law applies. According to mother, the relevant provision is section 361.5, subdivision (f), which provides that if the juvenile court bypasses reunification services for a parent, it "may continue to permit the parent to visit the child unless it finds that visitation would be detrimental to the child." Mother suggests that "[b]ecause of the permissive nature of this language," the appropriate standard of review is abuse of discretion. The Department argues that the relevant provision is section 366.26, subdivision (c)(4)(C), which provides that if the court orders

4

guardianship as the child's permanent plan, it shall "make an order for visitation with the parents . . . unless [it] finds by a preponderance of the evidence that the visitation would be detrimental to the physical or emotional well-being of the child." A finding of detriment under this statute is reviewed for substantial evidence. (*In re A.J.* (2015) 239 Cal.App.4th 154, 156, 160.)

We agree with the Department that the issue is better analyzed under section 366.26, subdivision (c)(4)(C), and that the applicable standard of review is substantial evidence. Mother's position is based on a misreading of the record, as she appears to believe the juvenile court denied her reunification services under section 361.5's bypass provisions. Although the Department stated in the jurisdiction/disposition report that *if* mother qualified for reunification services, they could be bypassed under section 361.5, her services had already been terminated and she was not seeking custody of Angelina. Thus, section 361.5 did not apply.

In any case, under either statute and regardless of the standard of review, we find a strong basis for the ruling that visitation with mother would be detrimental to Angelina. " 'Detriment is a familiar standard in child welfare determinations,' " under which " 'the risk of detriment must be substantial, such that [the proposed action] represents some danger to the child's physical or emotional well-being.' " (*In re A.J., supra,* 239 Cal.App.4th at p. 160, italics omitted.) Here, the evidence recited above left little question that contact with mother caused Angelina significant psychological harm, and they both were currently too unstable to have beneficial interactions. In arguing otherwise, mother leans on the fact that Angelina wanted contact and mother "did not ask for unfettered access to her daughter," but the record amply supports the determination that *any* contact would endanger

Angelina's mental well-being.  Accordingly, the juvenile court did not err by denying visitation to mother.

## III.
### DISPOSITION

The juvenile court's order denying visitation to mother is affirmed.

_____

Humes, P.J.


WE CONCUR:



_____

Margulies, J.



_____

Banke, J.



*In re Angelina F.* A163598